Lisa TOPOL

v.

**TRUSTEES OF the UNIVERSITY OF PENNSYLVANIA.**

Civ. A. No. 94–1711.

United States District Court, E.D. Pennsylvania.

Feb. 27, 1995.

---

Alice Ballard, Samuel & Ballard, P.C., Philadelphia, PA, for plaintiff.

Mary E. Kohart, Drinker Biddle & Reath, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

Before me is plaintiff's motion for leave to amend her complaint. I must decide whether plaintiff's proposed amendment alleges a viable claim for retaliation under Title IX. Since I conclude that plaintiff's proposed amendment alleges a viable claim for retaliation, I will grant plaintiff leave to amend her complaint.

Plaintiff seeks to amend her complaint to add a claim of retaliation under Title IX.[1] (Plaintiff's Motion for Permission to Amend & Supplement Her Complaint at 1). Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). I should grant leave to amend in the absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to opposing counsel, or futility of the amendment. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir.1993). Defendants contend that plaintiff's proposed amendment is futile because it fails to state a viable claim for retaliation. (Defs.' Response to Pl.'s Motion for Permission to Amend & Supplement Her Complaint at 1–2). In order to state a viable claim for retaliation, plaintiff must allege that 1) she engaged in conduct protected by Title IX, 2) the defendants took adverse action against her, and 3) a causal link exists between her protected conduct and the defendants' adverse action. *See Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 201 (3d Cir.) (listing requirements for retaliation claim under Title VII), *cert. denied,* —— U.S. ——, 115 S.Ct. 590, 130 L.Ed.2d 503 (1994). Plaintiff's proposed amendment alleges that 1) she filed a sexual harassment complaint against Professor Malcolm Woodfield, 2) the defendants hindered plaintiff's efforts to pursue her sexual harassment complaint, and 3) plaintiff's filing of the sexual harassment complaint

---

1. Plaintiff also seeks to supplement her complaint by adding events which occurred after she filed her complaint. (Plaintiff's Motion for Permission to Amend & Supplement Her Complaint at 1). Defendants do not oppose this supplementation. (Defs.' Response to Pl.'s Motion for Permission to Amend & Supplement Her Complaint at 1 n. 1).

prompted the defendants to impede her efforts. (Proposed Amended Complaint ¶ 18). The proposed amendment alleges a viable claim of retaliation under Title IX.

AND NOW, this 27th day of February 1995, it is **ORDERED** that plaintiff's Motion for Permission to Amend and Supplement Her Complaint is **GRANTED.**